

TDM

FEB 10 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| **NICHOLAS M. MARTIN** Plaintiff(s), | ) | **Case Number:** | **15-CV-9806** |
| **v.** | ) | **District Judge:** | **LEINENWEBER** |
| **TAX APPEAL BUSINESS SYSTEMS, INC and GEORGE VALLEJO** Defendant(s) | ) | **Magistrate Judge:** | **KIM** |

## DEFENDANTS' ANSWER TO PLAINTIFFS COMPLAINT

To: NICHOLAS M. MARTIN:

TAX APPEAL BUSINESS SYSTEMS, INC. ("TABS") and GEORGE VALLEJO ("GV"), on our own behalf, state as follows in Answer to Plaintiff's Complaint:

## INTRODUCTION

1) Plaintiff Nicholas Martin, proceeding *pro se,* brings this action to secure redress against defendants for violation of the Telephone Consumer Protection Act, 47 USC § 227 et seq. ("TCPA") and implementing regulations and orders and the Illinois Automatic Telephone Dialers Act, 815 ILCS *305/1* et seq (Illinois Dialer Act).

> **ANSWER:** Admit that Nicholas M. Martin ("Martin") alleges that Defendants engaged in unlawful practices and that he seeks to bring claims under the aforementioned statutes. DENY all remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2) This Court has federal question jurisdiction over plaintiffs TCPA claim because it arises from violations of federal law and supplemental jurisdiction over the Illinois Dialers Act claim.

> **ANSWER:** Admit that jurisdiction appears to be proper if alleged violations took place. Deny all remaining allegations in paragraph 2.

3) Venue is proper in this District because the wrongful acts engaged in by defendants occurred in this District.

**ANSWER:** Admit that venue appears to be proper if alleged violations took place. Deny all remaining allegations in paragraph 3.

## PARTIES

4) Plaintiff is an individual that resides in this district. Plaintiffs cellular telephone phone number is 630-xxx-3271 .

**ANSWER**: Admitted on information and belief.

5) Defendant Tax Appeal Business Systems, Inc. ("Tax Appeal") is a corporation organized under the laws of the state of Florida. According to filings with the Florida Secretary of State, Tax Appeal has offices at 141 NE 3rd Avenue #8060, Miami, FL 33132.

**ANSWER:** Admit that TABS is a corporation in Florida and deny that it has an office at address shown. TABS's address is 2940 NE 164 ST, North Miami Beach, FL 33160. Deny all remaining allegations in paragraph 5.

6) Defendant George Vallejo is a natural person who resides (upon information and belief) at 2940 NE 164th Street, North Miami Beach, FL 33160. Mr. Vallejo is the sole director and president of Tax Appeal. Mr. Vallejo controlled and directed the conduct alleged herein by Tax Appeal that violated the TCPA.

**ANSWER:** Admit that George Vallejo resides at 2940 NE 164 ST, North Miami Beach, FL 33160 and that he is President of TABS. Deny all remaining allegations in paragraph 6.

## FACTUAL ALLEGATIONS

7) Tax Appeal or its agent uses one or more "predictive dialers" as that term is defined by the Federal Communications Commission.

**ANSWER:** Denied.

8) Tax Appeal or its agent's predictive dialer has the capacity to dial phone numbers without human intervention.

**ANSWER:** Denied.

9) Tax Appeal or its agent's predictive dialer has the ability to play a message that has been recorded ahead of time during a connected phone call.

**ANSWER:** Denied.

10) Tax Appeal or its agent's predictive dialer is an "automatic telephone dialing system" as that term is defined by the TCPA and the Federal Communications Commission.

**ANSWER:** Denied.

11) Tax Appeal or its agent placed telephone calls to plaintiffs cell phone number 630-xxx-3271 while Plaintiff was living in this District on at least the following occasion (times are in C.S.T.):

a. 11 /02/2011 16:44

**ANSWER:** Denied.

12) There may be other calls that might be ascertained through discovery.

**ANSWER:** Denied.

13) The caller ID number that appeared on plaintiffs cell phone for the phone call listed above was 651-555-8134.

**ANSWER:** Denied.

14) During the phone call, plaintiff heard a prerecorded message advertising defendants' services.

**ANSWER:** Denied.

15) On information and belief, Tax Appeal or its agent used one of their predictive dialers to make the phone call to plaintiff listed above.

**ANSWER:** Denied.

16) A human being did not manually dial the call that Tax Appeal or its agent placed to plaintiff's cell phone.

**ANSWER:** Denied.

17) The call that Tax Appeal or its agent placed to plaintiff's cell phone was made without plaintiff's consent.

**ANSWER:** Denied.

**COUNT 1**
**Violations of the Telephone Consumer Protection Act by Defendants Tax Appeal and George Vallejo**

18) Plaintiff incorporates paragraphs 1 - 17 above.

**ANSWER:** TABS and GV restate their responses to paragraphs 1-17 above.

19) The TCPA, 47 U.S.C. § 227 provides in pertinent part:

**(b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-**

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-**

**(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; ...**

**ANSWER:** Admit that paragraph 19 appears to accurately quote 47 U.S.C. § 227. Deny any remaining allegations in paragraph 19.

20) Tax Appeal's phone call to plaintiff's cell phone violated the TCPA because it was made using an automatic telephone dialing system and utilized a prerecorded voice message. The phone call to plaintiff's cell phone was not made for emergency purposes and was not made with the prior express consent of plaintiff.

**ANSWER:** Denied.

21) Tax Appeal's call was negligent.

**ANSWER:** Denied.

22) Tax Appeal's call was also made knowingly and/or willfully. 47 U.S.C. §312(f)(1).

**ANSWER:** Denied.

23) Plaintiff was damaged as a result of defendants' phone call. He was needlessly bothered and was forced to utilize minutes from his cell phone plan's allotted minutes that could have been used for other purposes.

**ANSWER:** Denied.

24) Plaintiff alleges that George Vallejo, Tax Appeal's president and sole director, actively exercises day-to-day control over the placement of phone calls on behalf of Tax Appeal. In his role as Tax Appeal's president and sole director, Vallejo is a primary participant in Tax Appeal and has acted purposefully in directing, supervising, and commanding the manner and means of Tax Appeal's calls from the computer dialers. Accordingly, defendant Vallejo should be found personally liable for the improper calls that were placed to plaintiff's cell phone.

**ANSWER:** Denied.

**COUNT II –**
**Violation of the Illinois Automatic Telephone Dialers Act by Defendants Tax Appeal and George Vallejo**

25) Plaintiff incorporates paragraphs 1-24 above.

**ANSWER:** TABS and GV restate their responses to paragraphs 1-24 above.

26) The Illinois Automatic Telephone Dialers Act. 815 ILCS *305/30* provides in pertinent part:

***

**(b) It is a violation of this Act to play a prerecorded message placed by an autodialer without the consent of the called party.**

***

**ANSWER:** Admit that paragraph 26 appears to accurately quote 815 ILCS *305/30*. Deny any remaining allegations in paragraph 26.

27) Defendants did not have the plaintiff's consent to place a call to plaintiff that utilized a prerecorded message.

**ANSWER:** Denied.

28) Defendants violated the Illinois Automatic Telephone Dialers Act.

**ANSWER:** Denied.

WHEREFORE, Defendants, TAX APPEAL BUSINESS SYSTEMS, INC and GEORGE VALLEJO, respectfully request that this Honorable Court deny the relief sought in Plaintiff's Complaint, enter judgment in Defendant's favor and against Plaintiff and dismiss all claims.

Respectfully submitted,

______________________, pro se George Vallejo
Signature

______________________, pro se George Vallejo
Signature as President of Tax Appeal Business Systems, Inc.

February 8, 2016
Date

**VERIFICATION**

I, GEORGE VALLEJO, certify under penalty of perjury, that I have read the foregoing Verified Answer to Complaint and the statements set forth are true and correct.

Signature ______________________

Name: GEORGE VALLEJO
Pro Se
Address: 2940 NE 164 ST
NORTH MIAMI BEACH, FL 33160
Telephone: 786-664-7283
Email: vallejofamily@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on February 8, 2016, I submitted this document to the Clerk of Court and to the Plaintiff via FedEx.

Dated February 8, 2016 By: ______________________
George Vallejo, Pro Se